**H. E. BUTT GROCERY COMPANY,**
Appellant

v.

**Susan LANSDOWN, Appellee.**

**No. 5896.**

Court of Civil Appeals of Texas,
Waco.

June 8, 1978.

J. W. Payne and Hance W. Burrow, III, Gardere, Porter & DeHay, Dallas, for appellant.

Douglas R. Bergen, Bergen & Crow, Waco, for appellee.

## OPINION

JAMES, Justice.

This is a venue case involving Subdivision 9a of Article 1995, Vernon's Texas Civil Statutes. Plaintiff-Appellee Susan Lansdown brought this suit in McLennan County, Texas, against Shasta Bottling Co., a division of Consolidated Foods, Inc., (hereinafter called "Shasta") and H. E. Butt Grocery Company, Inc., (hereinafter called "H. E. Butt") alleging personal injuries to her left eye due to, among other things, the negligence of the Defendants Shasta and H. E. Butt occurring in McLennan County which proximately caused the injuries in question.

Defendant-Appellant H. E. Butt filed its plea of privilege to be sued in Nueces County, Texas, the alleged place of its residence, whereupon the Plaintiff Susan Lansdown filed her controverting affidavit seeking to maintain venue in McLennan County, Texas, under the provisions, inter alia, of Subdivision 9a of Article 1995.

The trial court after hearing entered its order overruling Defendant-Appellant H. E. Butt's plea of privilege, from which H. E. Butt appeals. We affirm.

Appellant asserts error of the trial court in overruling its plea of privilege, contending there is no evidence of any act or omission of negligence on the part of Appellant which occurred in McLennan County, and no evidence that such negligence, if any, was a proximate cause of Plaintiff-Appel-

lee's injuries in question, within the purview of Subdivision 9a of Article 1995. We do not agree.

Plaintiff-Appellee Susan Lansdown testified that on or about January 5, 1976, she went to the H. E. B. grocery store located at 5524 Bosque Boulevard, in Waco, McLennan County, Texas, and purchased a bottle of Shasta carbonated tonic water. She said nothing unusual happened to the bottle between the time she bought it and the time she attempted to open it; she detected nothing abnormal about the bottle at the time she first picked it up; she noticed no leakage, and the sack in which the bottle had been placed was not wet; that she took it home and when she began to unscrew the top of the bottle, there was a loud pop and the top blew off and hit her in her left eye, thereby causing the personal injuries for which she sued; this event took place in her home which was located in McLennan County; that her home was about a block and a half from the H. E. B. store; that it was less than an hour from the time she bought the bottle of tonic water until the time the top blew off the bottle.

Prior to the hearing in the trial court, Plaintiff served requests for admissions upon Defendant H. E. Butt, Number 2 of which read as follows:

"Admit that H. E. Butt Grocery Co. does not inspect any of the bottled Shasta carbonated beverages sold by its retail stores for defective bottle caps."

Defendant H. E. Butt answered this request for admissions in wording not necessary to detail here; suffice it to say that the trial court considered the answer to be evasive, whereupon said court deemed said request admitted by an order of the court signed and entered on October 20, 1977. No complaint is made by Appellant concerning the propriety of the trial court's ruling deeming said request admitted.

Plaintiff-Appellee had the burden under Subdivision 9a of Article 1995, in order to establish venue in McLennan County, to plead and prove by a preponderance of the evidence: (1) that an act or omission of

negligence occurred in McLennan County; (2) that such act or omission was that of Defendant H. E. Butt Grocery Co., Inc. or that of its servant, agent or representative acting within the scope of his employment; and (3) that such negligence was a proximate cause of Plaintiff's injuries.

Plaintiff's pleadings alleged that Defendant H. E. Butt was negligent in two particulars each of which was a proximate cause of the Plaintiff's injuries; to wit: (1) in failing to inspect the bottle in question for the defective condition which existed concerning said bottle; and (2) for selling the bottle of tonic water in question in its defective condition to Plaintiff.

We are of the opinion that Plaintiff-Appellee has met her burden of proof required by Subdivision 9a, taking into consideration her personal testimony together with Defendant-Appellant's legal admission that it (Defendant-Appellant) does not inspect any of the bottled Shasta carbonated beverages sold by its retail stores for defective bottle caps. The trial court presumably considered all of this probative evidence which supports the court's order wherein Defendant H. E. Butt's plea of privilege was overruled.

Defendant-Appellant has other points and contentions; however, in the light of our disposition of the case, same have become immaterial.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.

HALL, Justice, concurring.

I do not agree with the majority's holdings that appellee proved a cause of action against appellant based on negligent causation, and that venue can therefore be maintained in the county of suit under subdivision 9a of the venue statute. However, it is my view that appellee established a cause of action against appellant based upon the concept of "strict liability," which was pleaded by her; and that venue is proper in the county of suit under subdivision 23 of Article 1995, which was invoked by appellee in her controverting plea. For those reasons I concur with the majority in affirming the judgment.

Findings of fact were neither requested by the parties nor filed by the court. The evidence shows that the bottle of carbonated water which caused appellee's injury was in her possession from the time it was sold and delivered to her by appellant until her injury, and that it was not tampered with nor abused in any fashion during that time. That proof and the evidence (set forth in the majority opinion) showing the manner of appellee's injury supports the court's implied findings that the product was "in a defective condition unreasonably dangerous to the user or consumer" when it was sold and delivered to appellee by appellant and that its condition at sale caused appellee's injury, and thereby establishes appellant's liability without regard to negligence on its part. Section 402 A, Restatement of the Law of Torts (2d ed.)[1]; *Coca Cola Bottling Company of Houston v. Hobart*, 423 S.W.2d 118, 123 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref. n. r. e.).

The record establishes that appellant is a private corporation, that it operates retail grocery stores in McLennan County, that appellee resides in McLennan County, and that the injury in question occurred in McLennan County. Under those facts, the

---

1. § 402 A. Special Liability of Seller of Product for Physical Harm to User or Consumer.

   (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

   (a) the seller is engaged in the business of selling such a product, and

   (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

   (2) The rule stated in Subsection (1) applies although

   (a) the seller has exercised all possible care in the preparation and sale of his product, and

   (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

court correctly held the suit can be maintained in McLennan County under the provisions of subdivision 23 of the venue statute.[2]

2. 23. Corporations and associations.—Suits against a private corporation . . . may be brought . . . in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation . . . has an agency or representative in such county.